**Deborah Eckstine RALPH and DeRielle Designworks Academy, Petitioners,**

v.

**STATE BOARD OF COSMETOLOGY, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 31, 2003.

Decided April 24, 2003.

James D. Flower, Jr., Carlisle, for petitioners.

Deborah B. Eskin, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, and FRIEDMAN, Judge, and KELLEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

Deborah Eckstine Ralph (Ralph) and DeRielle Designworks Academy (the Academy) appeal from an order of the State Board of Cosmetology (Board) imposing a $2,000 civil penalty against Ralph and a $1,000 civil penalty against the Academy for violating 49 Pa.Code § 7.123 by requiring cosmetology students to perform janitorial functions as part of their education.

Both Ralph and the Academy hold licenses to practice cosmetology in the Commonwealth, and Ralph is the operator and school supervisor of the Academy. On November 15, 1999, Professional Conduct Investigators D.W. Ertter and Louis Hallman,[1] along with Occupational License Inspector Ella Nunemaker, visited the Academy to investigate a complaint that students of the Academy were being required to perform janitorial tasks, i.e., clean toilets, as part of their "duty work." Pursuant to 49 Pa.Code § 7.123, "duty work" is explained as follows:

> A school shall require students to keep their stations clean and to assist in general clean-up and *other duties that may be required in an operating shop*, except that students may not be required to scrub floors, wash windows *or perform janitorial tasks*. (Emphasis added.)

During the investigation, Ralph admitted to the investigators that cleaning bathrooms were duties performed by the students during their monthly clean-up of the school and that they were credited hours for cleaning bathrooms. She also admitted to Investigator Ertter that she had been at odds with the Board for several years over this issue.

Based on this information, two orders to show cause were filed by the Board against Ralph and the Academy, charging Ralph and the Academy with one count of violating 49 Pa.Code § 7.123 by and through its supervisor, Ralph, by requiring students to perform janitorial tasks and by awarding students credit for hours spent cleaning bathrooms and charging Ralph with one count of violating 49 Pa.Code § 7.117(a) by failing to ensure that the Academy conformed to the Board's regulations relating to duty work. The orders indicated that Ralph and the Academy

---

1. Both Professional Conduct Investigators are employed by the Commonwealth of Pennsylvania, Department of State, Bureau of Enforcement and Investigation.

could have their licenses suspended or revoked and/or receive a civil penalty based upon their violations. Ralph requested a hearing to prove that toilet cleaning was an essential duty in running a professional salon where the students would ultimately be working.

At the hearing, Ralph explained that the Academy had a 1,250 hour cosmetology curriculum, and students were awarded credit hours within the 1,250 hours for cleaning the school's restrooms. She stated that the students were required to periodically perform "duty work" which included cleaning the school's toilets, sweeping floors and removing the trash. She further stated that the "duty work" assignments were split up among 15 students with each student spending about five to ten minutes per day performing "duty work," but toilet cleaning was only assigned approximately twice per month. Ralph added that cleaning restrooms was part of the curriculum because that is what the students would be expected to do once they became licensed cosmetologists. She explained that she had owned over 50 salons in the past 18 years, and that in each of those salons, it had been common practice to have the toilets cleaned by the licensed cosmetologists. Over the objection of opposing counsel, Ralph offered into evidence copies of pages from various cosmetology textbooks providing sanitation guidelines which included cleaning restrooms and toilets. Without any objection, Ralph offered into evidence the Board's

regulation from 1969 regarding duty work.[2]

Also testifying was Laura Davis, an instructor for the Academy and previous supervisor, who stated that the Academy had been warned in the past about students performing janitorial tasks. Investigator Ertter testified that Ralph was aware of the Board's regulation because during the investigation, she admitted to him that she had been at odds with the Board for several years on this precise issue.

The hearing examiner issued a proposed order dismissing both orders to show cause after finding that Ralph presented unchallenged testimony that it was common practice in the industry for cosmetology salons to require their operators to perform clean-up tasks that included the cleaning of restroom toilets, and cleaning toilets was not included in the list of activities in the regulation which schools could not require of students. The Commonwealth of Pennsylvania, Bureau of Professional and Occupational Affairs (Bureau) filed exceptions with the Board to the proposed adjudication and order. The Board reversed, finding that although it might be the practice of some salons to have cosmetologists clean the restrooms, the Board's regulation specifically forbid schools from requiring students to perform janitorial work, and its standard interpretation of the regulation in question was that janitorial functions included toilet and restroom cleaning. It also found that the evidence submitted from the industry textbooks was hearsay and gave it no weight.[3] Also find-

2. Section 8.4.16 described Duty Work as follows:

All hours credited to a student shall be devoted to the study of beauty culture. Therefore, duty work shall not exceed a period of more than twenty (20) minutes per day of the students' instruction time. Duty work shall consist only of the tidying and cleaning naturally performed by an op-

erator about his own booth at the conclusion of any beauty process. It shall not include menial work of a nature ordinarily performed by a maid, porter, or janitor.

3. The Board stated:

Restroom/toilet cleaning is an essential function in operating a salon or any business be it a physician, attorney or real es-

ing that the Academy had been previously warned by the Bureau that restroom cleaning was in violation of the Board's regulations, the Board then imposed a civil penalty of $2,000 against Ralph, a civil penalty of $1,000 against the Academy, and ordered the Academy to immediately cease requiring students to perform janitorial tasks, including cleaning restrooms. This appeal by Ralph followed.[4]

■ Ralph contends that the Board erred by finding that she and the Academy violated any Board regulations because nowhere in the regulations are the terms "janitorial tasks" or "duty work" defined, and to impose a fine on them when the language is so vague is a violation of their due process rights.[5] The Board, however, argues that its regulation at 49 Pa.Code § 7.123 is not unconstitutionally vague, and Ralph was aware of the Board's interpretation of that regulation prior to the date charges were initiated in October 2002 as evidenced by her own testimony and the testimony of the Academy's former supervisor.

■ The term "janitorial tasks" is not defined in the Code. It is, however, commonly defined as "one who keeps the premises of an apartment, office or other building clean, tends the heating system, and makes minor repairs." Webster's Ninth New Collegiate Dictionary 646 (1989). A common understanding of the term is that cleaning toilets is a janitorial function. Even if it were not, cleaning toilets is not part of the 1,250 hour curriculum at the Academy. As the Board succinctly stated:

> Respondents have attempted to define "janitor" and "janitorial tasks" to their own advantage, to the detriment of students. Students at Respondent DeRielle must clean the school bathrooms and perform other janitorial tasks as part of the 1250 hour cosmetology curriculum. Section 6(a) of the Beauty Culture Law, 63 P.S. § 512(a), mandates that schools have a *term of training* of at least 1250 hours comprising all or a majority of the *practices of cosmetology*

tate office. Although it may be the practice of some salons to have cosmetologist employees clean the salon restrooms, the Board regulation at 49 Pa.Code § 7.123 specifically forbids schools from requiring students to perform janitorial work. Cosmetology students are not salon or school employees and should not be used to clean school restrooms. Students are enrolled in school to learn the practice of cosmetology. The practice of this profession does not include expertise in toilet cleaning or any other janitorial functions.

Respondents rely on the emphasis in cosmetology textbooks of the importance of maintaining clean and sanitary restrooms as part of the overall operation of a cosmetology shop. (Exhibits R 1, R 2; N.T. 27–31). Page 54 of the 2000 Salon Fundamentals Pivot Point Textbook also emphasizes that proper air conditioning and air safety must be maintained in salons and that "air should be mechanically supplied through vents and air returns ..." (Exhibit R–3; N.T. 30–31). Just as there is no suggestion

that students must mechanically supply air through vents and air returns or clean out the air vents and air returns, there is none regarding the need for students to clean school toilets.
(Board's decision at 7–8.)

4. Our scope of review of the Board's order is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704; *Blanco v. State Board of Private Licensed Schools*, 718 A.2d 1283 (Pa. Cmwlth.1998), *petition for allowance of appeal denied*, 558 Pa. 633, 737 A.2d 1226 (1999).

5. Ralph also argues that the Board's reliance upon its decision in a case decided on December 12, 2000, in which it held cleaning restrooms was a janitorial task is misplaced because that case was decided over one year after the Academy was initially investigated.

(emphasis added). Bathroom cleaning is not a "practice of cosmetology"; it is a janitorial task common to most businesses. The Board regulation at 49 Pa. Code § 7129(a) requires schools to cover specific subjects in the 1250 hour curriculum. Bathroom cleaning is not among them.

The regulation at 49 Pa.Code § 7.128(a) requires schools to offer instruction in the curriculum for cosmetologists prescribed in 49 Pa.Code § 7.129. There is nothing in the record to indicate that any student was instructed in bathroom cleaning; to the contrary, the evidence shows that cleaning the school's restrooms was merely one of several janitorial tasks assigned to students.

By their actions, Respondents avoid the expense of hiring someone (either a current licensee/employee or a janitor) to clean the school and school restrooms. This cheats students in two ways. It deprives them of the necessary education that they should be receiving and uses them as unpaid laborers (who have themselves paid to attend the school). The Board finds this conduct deplorable

. . .

(Board's decision at 9–10.) Because cleaning toilets is a janitorial task, the Board did not err in imposing sanctions against Ralph and the Academy for violating 49 Pa.Code §§ 7.123 and 7.117(a).[6]

Accordingly, the decision of the Board is affirmed.

### ORDER

AND NOW, this 24th day of April, 2003, the order of the State Board of Cosmetology dated August 13, 2002, is affirmed.

---

6. Because we have determined that cleaning toilets is a janitorial task, we need not address

whether the textbook information admitted into evidence was hearsay.