928 A.2d 1162 (2007)
Robert ROOMET, Appellant
v.
BOARD OF LICENSE AND INSPECTION REVIEW, Department of Licenses and Inspections of the City of Philadelphia and the Philadelphia Historical Commission, City of Philadelphia, and the City of Philadelphia.
Commonwealth Court of Pennsylvania.
Argued June 11, 2007.
Decided July 11, 2007.
*1163 Christopher F. Stouffer, Philadelphia, for appellant.
Leonard F. Reuter, Philadelphia, for appellees.
BEFORE: SMITH-RIBNER, Judge, SIMPSON, Judge, and McCLOSKEY, Senior Judge.
OPINION BY Judge SIMPSON.
Robert Roomet (Landowner) appeals an order of the Philadelphia County Common Pleas Court (trial court) dismissing his appeal of a decision of the City of Philadelphia Board of License and Inspection Review (Board) that affirmed the Philadelphia Historical Commission's (Commission) denial of a permit application to alter historic property. Landowner argues the Commission improperly characterized his property's side-yard as historical. We affirm.
Landowner owns residential land located at 3416 Baring Street in the City of Philadelphia (Property). A building sits on the Property, and in 1981, the Commission placed the building on the Philadelphia Historic Register pursuant to Section 14-2007 of the Philadelphia Code (Preservation Ordinance).
During the summer of 2005, Landowner obtained a use permit for a driveway and parking pad on the Property's side-yard. Without obtaining a building permit, Landowner excavated the side-yard and removed a wrought-iron fence and bricks from the abutting sidewalk.
An inspection officer subsequently discovered the alterations to the Property and orally notified Landowner a building permit and retroactive approval from the Commission were required because of the Property's historical designation. Landowner stopped work and sought a building permit, requesting approval for the driveway and parking pad. He also requested permission to erect two, two-foot retaining walls, remove a portion of a wrought-iron fence, and to remove and reinforce the abutting sidewalk.
When a property owner seeks a permit to alter historic property, applications are subject to a three-step process within the Commission. Specifically, applications are considered by the Commission's staff, by the Commission's Architectural Committee, and finally, by the full Commission. Here, the full Commission adopted the recommendation of its staff and Architectural Committee to deny Landowner's permit request.
Landowner appealed to the Board. A hearing ensued at which testimony and photographs of the Property were introduced into evidence. Subsequently, the Board found, in pertinent part:
13. The [Property's building] was placed on the Historic Register in the 1980's.
14. The addition of a parking pad would be a change of the character of the [Property] that would not be minimal with respect to its distinctive materials, features, spaces, and spacial relationships.
15. The Board considered the photographs of the [Property] submitted in evidence and found that the photographs supported the decision of the [Commission].

*1164 16. The Board finds that the changes proposed by [Landowner] would alter the character of the [Property].
17. The Board finds that the carving out of the side-yard . . . would have a negative effect on the historical character of the [Property].
18. The Board finds that the installation of the proposed driveway would interfere with the appearance of the [Property] and its historical integrity.
Bd. Op., Finding of Fact Nos. 13-18; Reproduced Record (R.R.) at 59a-60a. Based on these findings, the Board affirmed.
Subsequently, Landowner appealed to the trial court. Concluding the Property's side-yard fell within the Commission's purview and the Board's findings were supported by substantial evidence, the trial court affirmed. Landowner appeals to this Court.
On appeal,[1] Landowner maintains the Property's side-yard is not historical; rather, it is merely a historical building's site. Thus, alterations to the side-yard are not subject to Commission approval. Landowner agrees that the building, which sits on the Property, is designated historical and subject to the Preservation Ordinance; however, such designation does not extend to the Property's side-yard.
Alternatively, Landowner argues that the Commission lost the ability to address the "appropriateness" of the proposed changes. The Commission designated the Property's building historic in 1981, but it failed to identify the "character" of the building and the elements that contributed to such character. Landowner claims that as a consequence authorities can no longer determine what affects the building's character.
Before we address the merits, however, we first consider a preliminary issue raised by the Board. Specifically, the Board contends Landowner waived all arguments because he failed to raise them below. We disagree as to the two contentions discussed above.
Before the Board, Landowner argued "[t]his is not a historic site, it's a historic building. They didn't say this was historic ." R.R. at 53a. He also elicited testimony that the character of the building on the Property will not change as a result of the alterations to the side-yard. R.R. at 45a. Thus, Landowner sufficiently preserved these arguments, and we will address their merits.
On the merits, the Preservation Ordinance provides "[u]nless a permit is first obtained from the Department [of License and Inspection], no person shall alter or demolish [a] historic building, structure, site or object, or alter, demolish, or construct any building, structure, site or object within [a] historic district." Section 14-2007(7)(a) (emphasis added). All permit applications to alter historic property require Commission approval. Section 14-2007(7)(c). Significantly, the Preservation Ordinance expressly defines a "building" as "[a] structure, its site and appurtenances created to shelter any form of human activity." Section 14-2007(2)(b) (emphasis added).
Here, the Property's side-yard is subject to the Preservation Ordinance. More specifically, Landowner admits the *1165 Property's building is historic. By virtue of the express definition of a "building" under the Preservation Ordinance, the land surrounding the building, that is, the Property's side-yard, is subject to the Preservation Ordinance. Accordingly, alterations to the Property's side-yard require Commission approval.
In addition, we reject Landowner's contention the Commission erred in failing to "characterize" the Property's building's historic elements. No statute, regulation, or court decision mandates such a requirement. Moreover, Landowner does not contend the building's exterior characteristics changed at any prior point. Simply stated, the building's "character" is determinable today by mere inspection. No error is apparent.[2]
Based on the foregoing, we affirm.

ORDER
AND NOW, this 11th day of July, 2007, the order of the Philadelphia Common Pleas Court is AFFIRMED.
NOTES
[1] This Court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether necessary factual findings were supported by substantial evidence. Society Hill Civic Ass'n v. Phila. Bd. of License & Inspection Review, 905 A.2d 579 (Pa.Cmwlth.2006), appeal denied, ___ Pa. ___, 923 A.2d 412 (2007).
[2] Landowner also argues the Commission exceeded its authority by denying him a permitted use of his property, misapplied federal guidelines, and violated constitutional legal principles. Section 753(a) of the Local Agency Law incorporates the waiver doctrine by requiring all legal questions be raised before the administrative agency hearing the appeal. See 2 Pa.C.S. § 753(a); Korsunsky v. Housing Code Bd. of Appeals, City of Harrisburg, 660 A.2d 180 (Pa.Cmwlth.1995). Before the Board, Landowner neither expressly raised these issues nor elicited testimony to support his positions. Accordingly, these issues are waived.