# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David J. Barnes, Executor      :
Estate of Grace V. Barnes,      :
             Appellant      :
     :
          v.      :
     :
Philadelphia Historical      :      No. 437 C.D. 2018
Commission      :      Argued: June 3, 2019

BEFORE:    HONORABLE ANNE E. COVEY, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION BY
JUDGE COVEY                         FILED: August 13, 2019

David J. Barnes (Barnes), Executor for the Estate of Grace V. Barnes (Grace Barnes/mother) (collectively, Owner),[1] appeals from the Philadelphia County Common Pleas Court's (trial court) February 16, 2018 order affirming the Philadelphia Historical Commission's (Commission) April 13, 2017 order designating Owner's 559 Righter Street, Philadelphia (City), Pennsylvania, residence (Property) as historic and adding it to the City's Register of Historic Places (Register). There are four issues before the Court: (1) whether Owner's appeal is moot; (2) whether the Commission's designation is void because it did not receive a majority vote of the Commission members present; (3) whether the Commission's designation is supported by the criteria set forth in Section 14-1004(1) of the Historic Preservation provisions in the Philadelphia Code (Preservation Ordinance); and (4)

---

[1] Grace Barnes is the record owner of 559 Righter Street, Philadelphia, Pennsylvania (Property). When this process was commenced, her son and power-of-attorney Barnes spoke on her behalf. *See* Reproduced Record at 85a. After Grace Barnes passed away on July 9, 2018, the caption herein was amended to show that Barnes is the executor of his mother's estate.

whether the Commission's designation imposes an extraordinary economic impact upon, and is unduly oppressive to, Owner. After review, we dismiss this appeal as moot.

Section 14-1003(2)(a) of the Preservation Ordinance authorizes the Commission to "[d]esignate as historic those buildings, structures, sites, and objects that the [Commission] determines are significant to the City, pursuant to the criteria of [Section] 14-1004(1) [of the Preservation Ordinance]." Preservation Ordinance § 14-1003(2)(a). Section 14-1004(1) of the Preservation Ordinance provides, in relevant part:

> A building, complex of buildings, structure, site, object, or district may be designated for preservation if it:
>
> (a) Has significant character, interest, or value as part of the development, heritage, or cultural characteristics of the City, Commonwealth, or nation or is associated with the life of a person significant in the past;
>
> . . . .
>
> (c) Reflects the environment in an era characterized by a distinctive architectural style;
>
> (d) Embodies distinguishing characteristics of an architectural style or engineering specimen; [or]
>
> . . . .
>
> (i) Has yielded, or may be likely to yield, information important in pre-history or history[.]

Preservation Ordinance § 14-1004(1). The effect of having a property designated as an historic landmark is that "no person shall alter or demolish a historic building, structure, site, or object" without the Commission's approval.[2] Preservation Ordinance § 14-1005(1).

---

[2] "When a property owner seeks a permit to alter historic property, applications are subject to a three-step process within the Commission. Specifically, applications are considered by the Commission's staff, by the Commission's Architectural Committee, and finally, by the full Commission." *Roomet v. Bd. of License & Inspection Review*, 928 A.2d 1162, 1163 (Pa. Cmwlth. 2007).

2

On September 19, 2016, the Commission staff nominated the Property for designation as an historic building under the Preservation Ordinance because it met criteria a, c, d and i of Section 14-1004(1) of the Preservation Ordinance.[3] *See* Reproduced Record (R.R.) at 36a; *see also* R.R. at 37a-65a, 80a.

By September 20, 2016 letter, the Commission notified Owner that the Property had been nominated for designation as an historic landmark and inclusion on the Register. *See* R.R. at 67a-72a. Owner was therein informed that the Commission would consider the Property's nomination and accept public comment at its October 21 and November 10, 2016 meetings, and invited Owner to participate at those meetings. *See* R.R. at 67a-70a.

On October 3, 2016, at Owner's request, the Commission supplied Owner with the nomination-related paperwork. *See* R.R. at 74a. By October 19, 2016 letter, the Wissahickon Interested Citizens Association informed the Commission that it was not opposed to the Property's nomination. *See* R.R. at 76a. On October 21, 2016, Owner's legal counsel, William J. O'Brien, II, Esquire (O'Brien), informed the Commission that the Barnes' family had owned the Property for 115 years and, since the designation was a matter of great significance, requested the Commission to continue its consideration until its November 2016 meeting so Owner could consult a tax advisor and architectural historian. *See* R.R. at 78a.

The continuance request was discussed at the Commission's October 21, 2016 meeting. In addition, Grace Barnes declined to speak, but

> [] Barnes stated that his mother would rather not go through this designation process, no one consulted her, and the designation will adversely impact the value of the [P]roperty. He stated that she may have to sell the house to pay for her memory care facility. He stated that his father

---

[3] Section 5.3 of the Commission's Rules and Regulations states: "Any person or organization including the Commission and its staff may prepare a nomination for submission to and consideration by the Commission." Commission Rules and Regulations § 5.3.

recently passed away. He stated that the house has been in the family for many years, and he has a cousin who wants to reuse it as a funeral parlor. He summarized that his mother does not want this interference.

R.R. at 85a. The Commission tabled the matter until its December 14, 2016 meeting. *See* R.R. at 85a; 124a-125a. By November 15, 2016 letter, the Commission apprised Owner that the Commission remanded the nomination to its Committee on Historic Designation, which would consider the nomination at its December 14, 2016 and January 13, 2017 meetings. *See* R.R. at 165a.

Barnes and O'Brien attended the December 14, 2016 Historic Designation Committee meeting and opposed the Property's nomination. *See* R.R. at 189a-192a. The Historic Designation Committee voted that "the nomination demonstrates that the [P]roperty . . . satisfies the [c]riteria for [d]esignation [a], [c], [d], and [i]." R.R. at 192a. O'Brien requested a continuance until April 13, 2017 "[s]o that [Owner] may have the opportunity to prepare and offer cogent commentary about the nomination to the Commission," which the Commission granted. R.R. at 210a; *see also* R.R. at 209a, 213a, 219a-220a, 257a, 278a. O'Brien supplied Owner's documentation to the Commission in advance of the April 13, 2017 meeting. *See* R.R. at 280a-404a.

At the April 13, 2017 Commission meeting, O'Brien and Barnes presented evidence in opposition to the Property's nomination. *See* R.R. at 425a-433a. The Commission nevertheless voted 6 to 4 that the nomination demonstrated that the Property satisfied criteria a, c, d and i.[4] On May 10, 2017, Owner appealed

---

[4] "Section 753(a) of the Local Agency Law incorporates the waiver doctrine by requiring all legal questions be raised before the administrative agency hearing the appeal. *See* 2 Pa.C.S. § 753(a); *Korsunsky v. Hous*[.] *Code Bd. of Appeals, City of Harrisburg*, 660 A.2d 180 (Pa. Cmwlth. 1995)." *Roomet*, 928 A.2d at 1165 n.2. Because there is nothing in the record indicating that Owner objected at the April 13, 2017 meeting that the Commission's designation is void because it did not receive the vote of a majority of the Commission members present, that issue is waived.

Notwithstanding, Section 4.6.e of the Commission's Rules and Regulations directs that "[a] majority of the members present at the time of voting, including any members abstaining, is

4

from the Commission's decision to the trial court. On February 16, 2018, the trial court affirmed the Commission's decision because "there [was] substantial evidence to support the designation, notwithstanding any evidence and opinions to the contrary[.]" R.R. at 503a; *see also* R.R. at 8a. On March 19, 2018, Owner appealed to this Court.[5]

On December 17, 2018, the Commission filed an Application to Dismiss the Appeal for Mootness (Application),[6] based upon the Commission's October 12,

---

required to adopt a motion." Commission Rules and Regulations § 4.6.e. According to the minutes from the Commission's April 13, 2017 meeting, all 12 Commission members (Thomas, Cooperman, Fink, Fiol-Silva, Hartner, Long, Mattioni, McCoubrey, Royer, Schaaf, Stanford and Turner) attended that meeting. *See* R.R. at 405a-406a. The minutes also reflected the Commission's action that "[] Cooperman moved to . . . designate [the Property] as historic [and] . . . . [] Turner seconded the motion, which passed by a vote of 6 to 4. Commissioners Stanford, Mattioni, Fink, and Hartner dissented. [] Fiol-Silva abstained." R.R. at 433a. The minutes do not reflect why only 11 Commission members were present at voting. Nevertheless, because 11 Commission members were in attendance when the vote was conducted, the 6 votes in favor of the Property's designation constituted a majority under Section 4.6.e of the Commission's Rules and Regulations.

[5] [An appellate court's] review of the [Commission's] determination is limited to whether

> the adjudication is in violation of the constitutional rights of the [a]ppellant, or is not in accordance with law or that the provisions of subchapter B of Chapter 5 (relating to practice and procedure of local agencies) have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. If the adjudication is not affirmed, the Court may enter any order authorized by [Section 706 of the Judicial Code,] 42 Pa.C.S. § 706 [(relating to appeal dispositions)].

2 Pa.C.S. § 754(b) ('Disposition of Appeal'). *See, e.g., Tegzes v. Bristol Twp.*, . . . 472 A.2d 1386, 1387 ([Pa.] 1984).

*United Artists' Theater Circuit, Inc. v. City of Phila.*, 635 A.2d 612, 621 (Pa. 1993) (footnote omitted).
On February 27, 2018, Owner filed a motion for reconsideration which the trial court denied on March 20, 2018. *See* R.R. at 9a-18a. The trial court issued its opinion on May 22, 2018. *See* R.R. at 19a-34a.

[6] The City Solicitor represents the Commission herein.

2018 vote to designate 188 buildings along Ridge Avenue between Wissahickon Creek and Northwestern Avenue, including the Property, as the "Ridge Avenue Roxborough Historic District" (Ridge Avenue District). *See* Application at 2-5. According to the Application, the Ridge Avenue District subjects the Property to the same regulatory restrictions as the Commission's April 13, 2017 individual designation. *See* Application at 6. On January 5, 2019, Owner opposed the Application, stating that the Ridge Avenue District designation applied only to the buildings and not the surrounding land, and that the Property's designation therein was void for insufficient notice. *See* Owner Response to Application. On January 14, 2019, this Court ordered the Application to be decided with the merits of Owner's appeal.

Initially,

> **[t]he doctrine of mootness requires that an actual case or controversy be in existence 'at all stages of review**, not merely at the time the complaint is filed.' *In re Gross*, . . . 382 A.2d 116, 119 ([Pa.] 1978). This Court has stated that an actual case or controversy is found where the following exist:
>
> > (1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution. A controversy must continue through all stages of judicial proceedings, trial and appellate, and the parties must continue to have a 'personal stake in the outcome' of the lawsuit. Courts will not enter judgments or decrees to which no effect can be given.
>
> *Clinkscale v. Dep't of Pub. Welfare*, 101 A.3d 137, 139 (Pa. Cmwlth. 2014) (quoting *Mistich v. Pa. Bd. of Prob. & Parole*, 863 A.2d 116, 119 (Pa. Cmwlth. 2004)). Our Supreme Court has noted that **'a legal question can**

> **become moot on appeal as a result of an intervening change in the facts of the case**.' *In re Gross*, 382 A.2d at 119.

*Driscoll v. Zoning Bd. of Adjustment of City of Phila.*, 201 A.3d 265, 268–69 (Pa. Cmwlth. 2018) (emphasis added). Pennsylvania courts "generally will not decide moot questions."[7] *Pap's A.M. v. City of Erie*, 812 A.2d 591, 599 (Pa. 2002).

Here, on October 12, 2018, approximately six months after the trial court issued its order, the Commission created and designated the Ridge Avenue District as historic.[8] The Property was included in the Commission's approved Ridge Avenue District. Owner did not appeal from the Commission's October 12, 2018 decision.[9] Rather, Owner claims that since the Commission's Ridge Avenue District designation affected only the buildings, and not the land, the Ridge Avenue District designation has a different effect than the Property's individual designation.

However, Section 14-1005(1) of the Preservation Ordinance clearly specifies that Commission approval is required to "alter or demolish **a[n] historic building**, structure, site, or object, **or** alter, demolish, or construct **any building**,

---

[7] There are, however, limited exceptions to the mootness doctrine: '. . . when (1) the conduct complained of is capable of repetition yet evading review, or (2) involves questions important to the public interest, or (3) will cause one party to suffer some detriment without the Court's decision.' *Clinkscale*, 101 A.3d at 139 (quoting *Phila. Pub. Sch. Notebook v. Sch. Dist. of Phila.*, 49 A.3d 445, 448-49 (Pa. Cmwlth. 2012)).

*Driscoll*, 201 A.3d at 269.

[8] Section 14-1003(2)(c) of the Preservation Ordinance authorizes the Commission to "delineate the boundaries of and designate as historic those districts that the [Commission] determines are significant to the City, pursuant to the criteria of [Section] 14-1004(1) [of the Preservation Ordinance]." Preservation Ordinance § 14-1003(2)(c).

[9] In the Application, the Commission asserts that the Commission notified the 188 affected property owners in the Ridge Avenue District of its October 12, 2018 designation. According to the Commission, Owner did not timely appeal or otherwise challenge the Ridge Avenue District designation. *See* Application at 5-6; *see also* Commission Br. at 31 n.5.

structure, **site**, or object **within a[n] historic district**[.[10]]" Preservation Ordinance § 14-1005(1) (emphasis added). By Section 14-1002 of the Preservation Ordinance, the definitions in Section 14-203 of the Philadelphia Zoning Code (Zoning Code) are incorporated into the Preservation Ordinance. The term "historic building" is defined in Section 14-203(147) of the Zoning Code as "[**a**] **building** or complex of buildings **and site** . . . which is designated pursuant to [Section] 14-1004 [of the Preservation Ordinance][.]" Zoning Code § 14-203(147). Section 14-203(43) of the Zoning Code, defines the term "**building**" "[a]s used in [Section 14-1000 of the Preservation Ordinance]" as "**a structure**[ **and**] **its site** . . . ." Zoning Code § 14-203(43) (emphasis added). Section 14-203(298) of the Zoning Code defines "**site**" as "[t]he location of a significant event, a prehistoric or historic occupation or activity, **a building or structure**, . . . where the location itself maintains historical, cultural, or archaeological value . . . ." Zoning Code § 14-203(298) (emphasis added).

Moreover, in *Roomet v. Board of License & Inspection Review*, 928 A.2d 1162 (Pa. Cmwlth. 2007), this Court ruled that "[b]y virtue of the express definition of a 'building' under the Preservation Ordinance, **the land surrounding** [**a designated**] **building** . . . **is subject to the Preservation Ordinance**[,]" such that yard alterations require Commission approval. *Id.* at 1165 (emphasis added). Finally, the Commission notified Owner in its September 20, 2016 notice: "If adopted, **the designation of the** [P]**roperty as historic would include the site**, the exterior envelopes of all buildings on the site, and any permanent site appurtenances." R.R. at 68a, 70a (emphasis added).

Consequently, the Commission's designation of the Property as part of the Ridge Avenue District, and the Commission's April 13, 2017 individual

---

[10] An "historic district" is "[a] district . . . that is designated by the [Commission] pursuant to [Section] 14-1004 [of the Preservation Ordinance][.]" Section 14-203(148) of the Philadelphia Zoning Code, as incorporated by Preservation Ordinance § 14-1002.

designation of the Property as historic encompassed both the Property's building *and* the land on which the building is situated. Because it is clear from the Preservation Ordinance language, precedent and the Commission's notice that the Property is subject to the same regulatory restrictions whether it has been individually designated historic or it was included in the Ridge Avenue District, there is no meaningful relief the Court can offer Owner on appeal that would change the Property's historic designation. Accordingly, the Commission's October 12, 2018 Ridge Avenue District designation, from which Owner did not appeal, renders Owner's appeal from the trial court's February 16, 2018 order moot.[11]

Based upon the foregoing, the Application is granted, and Owner's appeal is dismissed as moot.[12]

_____
ANNE E. COVEY, Judge

---

[11] Owner's argument that the Commission's Ridge Avenue District designation is void for insufficient notice is not at issue in this appeal.

[12] In light of this Court's ruling, we need not address the merits of Owner's appeal.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David J. Barnes, Executor          :
Estate of Grace V. Barnes,         :
                 Appellant     :
                          :
           v.            :
                          :
Philadelphia Historical         :      No. 437 C.D. 2018
Commission              :

## O R D E R

AND NOW, this 13th day of August, 2019, the Philadelphia Historical Commission's Application to Dismiss the Appeal for Mootness is GRANTED. The appeal by David J. Barnes, Executor for the Estate of Grace V. Barnes, from the Philadelphia County Common Pleas Court's February 16, 2018 order is DISMISSED.


_____
ANNE E. COVEY, Judge