**Zhanna KORSUNSKY, Appellant,**

v.

**HOUSING CODE BOARD OF APPEALS, CITY OF HARRISBURG, Pennsylvania.**

Commonwealth Court of Pennsylvania.

Argued April 7, 1995.

Decided June 5, 1995.

---

Arthur L. Goldberg, for appellant.

James L. Cowden, for appellee.

Before SMITH and FRIEDMAN, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

Zhanna Korsunsky, owner of condemned property (Owner), appeals from the October 7, 1994 order of the Court of Common Pleas of Dauphin County, denying her appeal from a decision of the Housing Code Board of Appeals of the City of Harrisburg (Board). In its order, the Board had denied Owner's appeal from a demolition order issued by the City of Harrisburg's Department of Community and Economic Development (the City). We affirm.

The issues before this Court are: 1) whether the City's enforcement of the demolition order against Owner is unconstitutionally discriminatory when the City has not enforced prior orders against prior owners; and 2) whether the forced demolition, at Owner's expense, is confiscatory.[1]

---

1. Where, as here, the trial court took no addi-      tional evidence, we must affirm the adjudication

## Background

The facts as found by the Board are summarized as follows. Owner purchased the property in question, 1138 Jonestown Road, Harrisburg, at a Dauphin County tax sale on or about May 7, 1990. Owner testified that she was not aware of the condition of the property at the time of purchase. On May 31, 1990, the City issued to Owner an order directing Owner, within thirty days, to either bring the structure on the property into conformity with the City Building Codes or demolish and remove the structure.

The subject structure is one half of a duplex located on a cliff. The City has not condemned the adjoining half of the duplex. The City acknowledges that Owner would be required to support the adjoining structure when demolishing Owner's property. Therefore, due to the unusual configuration of the property, the expected cost of the demolition is substantial.[2]

The City had previously issued condemnation orders for the subject property to the respective prior owners in 1987 and 1989. The City's Building Inspector testified that the City did not demolish the structure, when the prior owners failed to do so, because the City lacked sufficient funds. The Building Inspector testified that the City currently has no public money available for the demolition.

In December 1992, the Building Inspector sent a letter to Owner's counsel requesting a meeting to discuss resolution of the matter. On May 26, 1993, Owner appealed the City's demolition order. Owner agreed that the structure should be demolished, but argued that the City has not required prior owners to demolish the structure even though the same conditions existed during their ownership of the property. Therefore, Owner alleged selective prosecution of the demolition order in violation of Owner's rights to due process and equal protection.

Following a hearing, the Board concluded that Owner had not presented any evidence of a violation of equal protection or substantive due process. In reaching its conclusion, the Board distinguished *Knipple v. Geistown Borough Zoning Hearing Board,* 155 Pa.Commonwealth Ct. 120, 624 A.2d 766 (1993), relied upon by Owner, on the basis that the City's action in this case does not evidence unlawful discrimination as in *Knipple.*

On review of the Board's decision, the trial court stated that the narrow set of circumstances showing unlawful discrimination in *Knipple* are not present here. Citing *Ridley Township v. Pronesti,* 431 Pa. 34, 244 A.2d 719 (1968), the court determined that the City's failure to enforce the demolition order against the prior owners does not preclude enforcement of that order against Owner.

On appeal to this Court, Owner again argues that the alleged selective enforcement of the demolition order violates her substantive due process and equal protection rights under *Yick Wo v. Hopkins,* 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886) and *Knipple.* Owner argues that, under *Knipple,* she qualifies for equal protection even though she does not fall within an identifiable class, as previously required under *Yick Wo.* Owner asserts that she has received unequal treatment because none of the prior owners were forced to pay for the demolition. Owner contends that the City has chosen to enforce the demolition order against her because she is the only solvent owner. Additionally, Owner contends that she has been treated differently than the owner of the adjoining property, which also is uninhabitable. Further, Owner contends that, under the circumstances of this case, including the City's refusal to accept the property as a gift, the City's enforcement of the demolition order against her is unconscionable. Owner also argues that the City is requiring her to bear the cost of a public benefit; therefore, the City's action is confiscatory.

---

of the Board unless we find that the adjudication is in violation of constitutional rights, or is not in accordance with law, or that any necessary finding of fact is not supported by substantial evidence. Section 754(b) of the Local Agency Law, 2 Pa.C.S. 754(b). *See also City of Philadelphia,*

*Department of Revenue v. Tax Review Board,* 157 Pa.Commonwealth Ct. 43, 628 A.2d 1220 (1993).

2. Owner estimates the cost of demolition to be as high as $15,000.00. It is undisputed that Owner paid $611.26 for the property.

The Board argues that Owner did not meet her burden of proving a substantive due process or equal protection violation. In contrast to *Knipple*, the Board argues that there is no evidence of discrimination on the part of the City in this case. The Board asserts that the City has not treated Owner differently than the prior owners. The only difference, according to the Board, is that Owner appealed, whereas the prior owners ignored, the City's demolition order. The Board also argues that Owner waived her right to make her taking argument for failing to raise it before the Board.

## Discussion

In *Yick Wo*, the United States Supreme Court determined that the administration of a facially neutral law in a discriminatory manner, in that case, on the basis of race, constituted a violation of equal protection. In *Knipple*, we recognized that equal protection is not limited to conduct affecting suspect classifications or fundamental rights. In that case, we held that a zoning board had acted in an arbitrary and irrational manner in subjecting a variance applicant to much more stringent requirements than ten other similarly situated applicants and to certain unconscionable procedural irregularities. We concluded that such conscious discrimination violated the *Knipple* applicant's right to equal protection.

In our case, as in *Knipple*, Owner does not allege the existence of a suspect classification or fundamental right. Therefore, Owner's burden is to establish conscious discrimination, unrelated to any legitimate objective, as in *Knipple*. We agree with the Board, however, that Owner has presented insufficient evidence of any discriminatory conduct on the part of the City.

The record shows that, in its May 31, 1990 order, the City advised Owner of the following:

In the event that you fail to cause the structure, or portion thereof, as required, to conform to code requirements, or have

the building, or portion thereof, demolished and removed to abate the unsafe condition, the City of Harrisburg, through its representatives or otherwise, shall cause said measures to be performed and any expenses incurred by the City in doing shall be collected from you through appropriate legal proceedings and/or by the entry of a lien against your property. This action on the part of the City shall occur when sufficient funds are available to perform the task.

(R.R. at 64a.) The City's Building Inspector, who issued the order to Owner, testified that the City had issued similar orders against the two preceding owners of the property. (R.R. at 18a.) The Building Inspector stated that the City took no action against the prior owners, when they failed to demolish the structure, because no funds were available. (R.R. at 15a.) When asked by Counsel for Owner, "Well if two condemnation order [sic] were issued, and no action was taken on those condemnation orders, and you have no more money now than you had then, are you contemplating any kind of action against [Owner]?", the Building Inspector replied, "The only action contemplated at this time is to sit down as we are doing, and see if there is a reasonable and amicable solution to the thing without going to that point." (R.R. at 15a.) We, thus, conclude that the City's conduct does not evidence unlawful discrimination as in *Knipple*. Additionally, the adjoining property is not condemned; therefore, that owner is not similarly situated to Owner.

Absent a showing of unlawful discrimination against Owner, the failure of the City to enforce successfully its demolition orders against the prior owners does not preclude the City's enforcement of the demolition order against Owner. *Ridley*. For the same reason, Owner has not shown that the City's action is arbitrary or irrational in violation of Owner's substantive due process rights. *Bello v. Walker*, 840 F.2d 1124 (3d Cir.1988), cert. denied, 488 U.S. 868, 109 S.Ct. 176, 102 L.Ed.2d 145 (1988).[3]

---

3. We, thus, find no basis for Owner's request for injunctive relief. Alternatively, Owner has requested that she be allowed to donate the proper-

ty to the City or that the entire duplex be demolished to avoid the cost of protecting the adjoining structure. Owner cites no authority for compel-

■ With respect to Owner's second argument, that the forced demolition is an unconstitutional taking, we find nothing in the record indicating that Owner raised this argument before the Board. Therefore, we conclude that Owner has waived review of this issue on appeal. Section 753(a) of the Local Agency Law, 2 Pa.C.S. § 753(a); *Lower Providence Township v. Nagle,* 79 Pa.Commonwealth Ct. 322, 469 A.2d 338 (1984).

Accordingly, we affirm the order of the trial court.

### ORDER

AND NOW, this 5th day of June, 1995, the order of the Court of Common Pleas of Dauphin County, Civil Division Docket No. 1945 S 1994, dated October 7, 1994 is hereby affirmed.

ling the City to condemn the adjoining structure or to accept her property as a gift. We, thus, cannot perform meaningful appellate review of these issues. Pa.R.A.P. 2101; *Sudduth v. Commonwealth,* 135 Pa.Commonwealth Ct. 392, 580 A.2d 929 (1990).