**Andrew BLANCO, Petitioner,**

v.

**PENNSYLVANIA STATE BOARD OF PRIVATE LICENSED SCHOOLS, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 17, 1998.

Decided Sept. 2, 1998.

Reargument Denied Nov. 5, 1998.

---

Andrew Blanco, petitioner, for himself.

Daniel J. Myers, Harrisburg, for respondent.

Before FLAHERTY, and LEADBETTER, JJ., and NARICK, Senior Judge.

FLAHERTY, Judge.

Andrew Blanco (Blanco) petitions pro se for review from a decision and order of the State Board of Private Licensed Schools (Board) dated March 6, 1998, which found that Blanco had conducted unlicensed activity in the Commonwealth of Pennsylvania in violation of the Private Licensed Schools Act (Act).[1] The Board ordered Blanco to cease and desist such activity and also fined him $500.00 for the unlicensed activity. We affirm the Board's order.

The following facts in this case as found by the Board are undisputed. On February 19, 1997 and March 1, 1997, Blanco advertised in the Reading Eagle/Reading Times newspaper that he would be offering a three-week course, one night per week, in bartender training at the River–Edge Motel in Reading, Pennsylvania. The advertisements provided that the cost of the course was $45.00 each week and that the course was to begin on March 7, 1997. Blanco also placed a similar advertisement in the Weekender newspaper announcing a bartender training course starting April 16, 1997, at the Ramada in Wilkes–Barre, Pennsylvania for the same length of time and at the same cost.

Employees of the Department of Education verified that Blanco reserved space at the listed motels for the purpose of conducting the bartending course, and conducted the advertised courses. At the courses conducted by Blanco, he instructed those attending in how to mix beverages following standard recipes, as well as how to garnish the beverages, and how to set up a bar. Blanco received a fee from those attending the courses. At the time these courses were conducted Blanco did not hold a license issued by the Board.

After determining that the courses were actually offered and conducted by Blanco, the Board's Review and Recommendation Panel issued a Notice of Unlicensed Activity to Blanco on May 12, 1997. Blanco subsequently requested a hearing. A hearing was held in the matter on August 28, 1997, by a Board Hearing Panel at which Blanco, and witnesses from the Pennsylvania Department of Education, with counsel, appeared and offered testimony and argument.

After the hearing, the Board Hearing Panel prepared proposed findings of fact, conclusions of law and recommendations which were formally submitted to the Board at its meeting on February 19, 1998. Although Blanco had been given a copy of the proposed findings and notified of his right to appear before the Board, he did not do so. He did submit a brief on his behalf which was placed in the record. Subsequently, by unanimous vote, the Board adopted the Hearing Panel's findings of fact, conclusions of law, and recommendations, concluding that Blanco engaged in unlicensed activity. The Board ordered him to cease and desist such activity and fined him $500.00. Blanco's pro se petition for review arguing that he is not subject to the Act followed.

Blanco raises the following issues for our review: whether the statute and its defining regulations at issue here are vague and, therefore, unconstitutional; whether his bartender training course is, by regulatory defi-

1. Act of December 15, 1986, P.L. 1585, as amended, 24 P.S. §§ 6501–6518.

nition, exempt from licensure by the Board; and whether the Board is maliciously prosecuting him.[2]

■ First, we will address Blanco's constitutional challenge to the Board's statute and its defining regulations.[3] Blanco argues in his brief that Section 2 of the Act (24 P.S. § 6502) and the regulation at 22 Pa.Code § 73.42(6) which exempts from licensure "a private tutorial school that provides individual instruction, including schools in music or dance or individual instruction by a private tutor in other areas" suffer from unconstitutional infirmities because they are vague.[4] The Board argues that its statute and accompanying regulations are not void for vagueness, nor have Blanco's constitutional rights been violated.

Section 2 of the Act defines a "private licensed school" as:

A school or classes operated for profit or tuition that provides resident instruction to prepare an individual to pursue an occupation in the skilled trades, industry or business, or systematic instruction by correspondence or by telecommunication in a field of study....

24 P.S. § 6502. If a school or classes are operated for profit within this definition then, in order to operate in the Commonwealth, it must be licensed via procedures established by the Board.

The Act, however, provides several exemptions from inclusion within the definition of the term "private licensed school." Specifically excluded from the definition are: "a private tutorial school, including, but not limited to, a school of music or dance...." 24 P.S. § 6502. In addition the Board has promulgated regulations at 22 Pa.Code § 73.42 to define the statute. Section 73.42(6) provides that: "a private tutorial school that provides individual instruction, including schools in music or dance or individual instruction by a private tutor in other areas" is exempt from licensure.

■ As noted in *Blanco I*, citing *Pennsylvania Builders Association v. Department of Revenue*, 122 Pa.Cmwlth. 493, 552 A.2d 730 (1989), *aff'd per curiam*, 524 Pa. 134, 569 A.2d 928 (1990), "vague statues offend the constitution because they may (1) trap the innocent by failing to give a person of ordinary intelligence reasonable opportunity to know what is prohibited so that he may act accordingly; or (2) result in arbitrary and discriminatory enforcement in the absence of explicit guidelines for their application.... [A] legislative enactment will be deemed invalid 'only if it is so vague and indefinite that courts are unable to determine with any reasonable degree of certainty the intent of the legislative body or so incomplete, conflicting and inconsistent in its provision that it cannot be executed.'" In addition, our Supreme Court noted in *Pennsylvania State Board of Pharmacy v. Cohen*, 448 Pa. 189, 200, 292 A.2d 277, 282 (1972), that "neither the legislatively chosen agency ... nor the courts may imagine rules or standards for conduct not properly adopted and announced in advance. To hold otherwise is to substitute for either statute or rule a purely subjective criterion

---

**2.** Our review of this case is limited to determining whether the Board's findings are supported by substantial evidence, whether errors of law were committed, or whether any constitutional rights have been violated. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986) and Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

**3.** The Board argues that Blanco has waived his constitutional challenge to the Board's statute and regulations because he did not raise the issue below before the Board. While Pa. R.A.P. 1551 provides that in most instances failure to raise an issue before the administrative tribunal will result in a waiver of that issue, Rule 1551 also provides that questions involving the validity of a statute are an exception to this waiver rule. Therefore, we cannot conclude that Blanco has waived this constitutional issue.

**4.** Previously, in November 1991, the Board issued a Notice of Unlicensed Activity to Blanco and after a hearing the Board concluded that Blanco had violated the Act. Blanco appealed to this Court and in *Blanco v. State Board of Private Licensed Schools*, 158 Pa.Cmwlth. 411, 631 A.2d 1076 (1993)(*Blanco I*) we reversed the decision of the Board. We concluded that the statutory phrase "other service occupations", as applied in that case, was void for vagueness because without proper regulations defining the term "other service occupations" Blanco did not have reasonable opportunity to know that his bartending classes needed a license. After promulgating regulations, per this Court's direction, and after learning that Blanco was still conducting bartending classes without a license, the Board issued another decision and order which is now at issue in this appeal.

which may reflect merely the personal or professional views of individual members of the Board."

Unlike the situation involved with Blanco's constitutional challenge in *Blanco I*, the Board has promulgated a regulation, effective September 7, 1996, which more specifically defines a "private tutorial school" referred to in 24 P.S. § 6502. The regulation at 22 Pa.Code § 73.42(6) clearly indicates that a private tutorial school is one that provides individual instruction, including schools in music or dance or individual instruction by a private tutor in other areas. Because there is a regulation defining the term "private tutorial school", Blanco had a reasonable opportunity to know whether the bartending classes he conducted needed to be licensed. Moreover, with the regulation in place the statute is not "so vague and indefinite that the we are unable to determine with any reasonable degree of certainty the intent of the legislative body or so incomplete, conflicting and inconsistent in its provision that it cannot be executed." *See Pennsylvania Builders Association*, 552 A.2d at 737.

Accordingly, we must conclude that the Board's properly promulgated regulation defining 24 P.S. § 6502 has cured any vagueness problems that may have existed in the past and in this case Blanco's vagueness argument must fail.[5]

 Next, we will address Blanco's argument that his bartending courses fall within the exemption of a "private tutorial school" as defined by 22 Pa.Code § 73.42(6) and, therefore, he need not be licensed by the Board.

A "private licensed school" is one that provides "instruction to prepare an individual to pursue an occupation in the skilled trades,

industry or business...." 24 P.S. § 6502. To determine whether a particular enterprise constitutes "an occupation in the skilled trades, industry or business" 22 Pa.Code § 73.41 directs us to the Dictionary of Occupational Titles published by the United States Department of Labor, as amended or supplemented. A school that educates or trains an individual so that individual may pursue an occupation or career that is listed in the Dictionary of Occupational Titles must be licensed by the Board. *See* Section 6(a) of the Act, 24 P.S. § 6506(a), and 22 Pa.Code § 73.41.

Bartending is an occupation listed in the Dictionary of Occupational Titles (1991 edition) § 312 and, therefore, any classes or courses offered to train bartenders must be licensed according to the above cited statute and regulation. Blanco has admitted that he conducts bartender training courses. Accordingly, the Board did not err when it determined that Blanco's bartender training courses require licensure by the Board because they teach individuals the skills which would allow those individuals to pursue an occupation as a bartender as defined in the Dictionary of Occupational Titles.

 Now we must determine if Blanco's bartender training courses fall within one of the statutory exemptions. Blanco specifically argues that his courses are exempt under the "private tutorial school" exemption and are not subject to licensure by the Board. The Act exempts "a private tutorial school, including but not limited to a school of music or dance." 24 P.S. § 6502. The regulations further define that exemption as applicable to "a private tutorial school that provides *individual* instruction, including schools of music or dance or *individual* instruction by a *private* tutor in other areas." 22 Pa.Code § 73.42(6) (emphasis added).[6]

---

5. Blanco also makes an argument that the Board improperly promulgated its regulations at 22 Pa. Code Chapter 73. A review of the record indicates that the Board, at the direction of this Court in *Blanco I*, properly promulgated its regulations. The Board published at 24 Pa. Bulletin 5324 (October 22, 1994), notice of proposed rulemaking with an invitation to submit written comments within 30 days. After receiving comments the Board published at 36 Pa. Bulletin 4334 (September 7, 1996) the final rulemaking for these regulations. This rulemaking process is in conformance with the Regulatory Review Act,

Act of June 25, 1982, P.L. 633, *as amended*, 71 P.S. §§ 745.1–745.14. Therefore, Blanco's argument attacking the regulations as improperly promulgated must fail.

6. Individual is defined as a particular being or thing as distinguished from a class, species, or collection and a single human being as contrasted with a social group or institution. Webster's Third International Dictionary 1152 (1993). Private is defined as restricted to the individual or arising independently. Webster's Third International Dictionary 1805 (1993).

Obviously, Blanco's business is not music or dance training, so in order to be exempt it must fall within "or individual instruction by a private tutor in other areas". The record does not reveal that Blanco provided individual instruction to those who availed themselves of his bartending courses. In contrast to private or individual tutoring, the record indicates that Blanco's seminars were taught in conference type rooms of local hotels/motels. In addition, the record indicates as many as ten or eleven people attended the March 7, 1997 course, two people attended the April 16, 1997 course, and a number of young people attended the May 29, 1997 course. Blanco also admits that he does not know anything about the people that come and take his courses.

Based upon the record evidence we must conclude that Blanco's bartending courses do not fall within the "private tutor" exemption. His courses are not private, individualized or personal. Instead he holds his courses for groups of people in conference rooms at hotels and is not even familiar with their names. Accordingly, we conclude that the Board did not err in finding that Blanco's bartender training courses were subject to licensure by the Board. Therefore, its March 3, 1998 decision was not erroneous as a matter of law.

■ Finally, Blanco argues that the Board has maliciously prosecuted him by promulgating regulations and again finding him in violation of its statute and regulations. We will assume that Blanco's "malicious prosecution" argument is one contending that he has been denied equal protection because the Board consciously discriminated, or acted arbitrarily and irrationally against him specifically. See *Korsunsky v. Housing Code Board of Appeals*, 660 A.2d 180 (Pa.Cmwlth. 1995). In *Korsunsky* we held that while equal protection is not limited to conduct affecting suspect classifications or fundamental rights, the petitioner has the burden to establish conscious discrimination, unrelated to any legitimate objective. *Id.* at 183.

In this case the record does not indicate that Blanco has met his burden of proving that the Board consciously discriminated against him. Blanco did not present any evidence of discriminatory conduct, nor could he point to other similarly situated individuals who were treated differently. Moreover, he offers no evidence to support his theory that the Board promulgated its regulations specifically to prosecute him. Instead the record indicates that the Board promulgated its regulations at the direction of this Court in *Blanco I* and only then prosecuted Blanco after learning through newspaper advertisements and investigation that he was conducting bartending courses without a license. Accordingly, we cannot conclude that Blanco has met his burden of proving that the Board violated his rights by finding him to be in violation of its statute.

Based upon the foregoing reasons, we conclude that the Board's statute is not unconstitutionally vague as it is defined by properly promulgated regulations. In addition, Blanco's bartender training courses are not exempt from licensing by the Board pursuant to 24 P.S. § 6502 and 22 Pa.Code § 73.42. Accordingly, the Board did not err as a matter of law in ordering Blanco to cease and desist from such activity without a license and in fining him for his violation. Moreover, the Board's actions against Blanco were not in violation of his constitutional rights. Therefore, the Board's order in this matter is affirmed.

### ORDER

AND NOW, this 2nd day of September, 1998, the State Board of Private Licensed Schools order dated March 6, 1998, at No. 97–4 is affirmed.