IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Linda Melaragno,                                  :
                          Appellant               :
                                                  :
          v.                                      :        No. 624 C.D. 2021
                                                  :        Submitted: May 16, 2022
Erie County Human                                 :
Relations Commission                              :


BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                      FILED: September 23, 2022


       Linda Melaragno (Melaragno) appeals from the May 7, 2021 order of the
Court of Common Pleas of Erie County (Common Pleas) denying Melaragno's
appeal of the Erie County Human Relations Commission's (the Commission) April
23, 2019 order, which granted the amended complaint of Dayved Woodard
(Complainant) and penalized Melaragno for engaging in discriminatory housing
practices. Because Complainant's amended complaint was not filed within the
statute of limitations, we vacate Common Pleas' order and remand this matter to
Common Pleas to vacate the Commission's order and dismiss Complainant's
amended complaint.

## I.     Background

       In 2011, Complainant, an African-American male, was searching for an

apartment in Erie, Pennsylvania. Reproduced Record (R.R.) at 402. He observed a sign advertising a vacant apartment, called the phone number on that sign, and spoke with Melaragno, a Caucasian female who owned, rented, and managed several rental properties. *Id.* After their phone conversation, Melaragno met Complainant, showed him an apartment, and provided him with a rental application. *Id*. at 403-04. Complainant believed that Melaragno frowned upon seeing him and was stand-offish throughout the showing, which he believed was because he is a black man. *Id*. at 403. When Complainant called Melaragno the next day, Melaragno informed him that the apartment was no longer available. *Id*. at 404.

Complainant called Melaragno in response to another vacant apartment sign in 2012. R.R. at 404. Complainant informed Melaragno that he had toured an apartment with her a year earlier and that he was "the black guy with his mom." *Id.* Melaragno stated that she remembered meeting Complainant, but she was not able to help him because someone else had already rented the apartment he was calling about. *Id*. at 405. Over the next three weeks, Complainant drove by the apartment several times. *Id.* The apartment appeared to be vacant each time. *Id.*

On November 19, 2013, Complainant called Melaragno in response to yet another vacant apartment sign. R.R. at 403. Complainant explained who he was over the phone, and Melaragno indicated that she still remembered him. *Id.* Melaragno informed Complainant that someone had already rented the apartment about which he was calling. *Id.* Complainant asked if Melaragno had any other apartments that were vacant, or if she had other vacancies upcoming. *Id.* Melaragno indicated that she did not. *Id.*

Suspicious of Melaragno, Complainant had one of his friends, who was a Caucasian female, call Melaragno to inquire about the same apartment. R.R. at

2

405-06. Melaragno also informed Complainant's friend that someone had already rented the apartment, but Melaragno stated that she would have two vacancies in another area in January 2014. *Id*. at 406. Complainant, believing Melaragno would not rent to him, did not contact Melaragno again. *Id*.

Complainant filed a complaint with the Commission on April 16, 2014, alleging that Melaragno discriminated against him when he was searching for an apartment to rent in 2011, 2012, and most recently on November 19, 2013. R.R. at 4-16. The Commission did not serve a copy of the complaint on Melaragno or take any other action in response to the complaint. *Id*. at 438. On October 15, 2015, Complainant filed an amended complaint with the Commission, which was based on the same three incidents of alleged discrimination. *Id*. at 17-27. The Commission served the amended complaint on Melaragno, and she filed an answer on November 11, 2015. *Id*. at 407.

The Commission then investigated Complainant's allegations, found that probable cause existed to credit the allegations, attempted to eliminate the alleged unlawful discriminatory practices, and held a public hearing on October 30, 2018. R.R. at 410. At the public hearing, Melaragno testified and provided her rental logs from November 2013, which showed that the apartment Complainant called about was rented to a minority renter, who signed a lease on November 25, 2013. *Id*. at 206-08, 385. Melaragno indicated that several weeks would have elapsed between the time she showed the apartment to the new renter and the day he signed the lease. *Id*. at 206. She also indicated that the new renter would have paid a security deposit at least one week in advance of signing the lease, and that when a renter pays a security deposit, she enters into an agreement with the renter to hold the premises pending her review of the renter's application. *Id*. at 206-16.

3

On April 23, 2019, the Commission issued written findings of fact, conclusions of law, an opinion, and an order, wherein the Commission found that Melaragno had engaged in discriminatory housing practices. R.R. at 402-24. The Commission ordered Melaragno to (a) cease and desist from discriminating; (b) pay Complainant compensatory damages; (c) pay a civil penalty; and (d) post "Fair Housing Practice" notices with all of her "For Rent" signs. *Id*. at 422-23.

On May 16, 2019, Melaragno filed a petition for review in our Court. R.R. at 425. By order dated July 25, 2019, we transferred Melaragno's petition for review to Common Pleas. Original Record (O.R.), Item #7 at 1. On August 16, 2019, Common Pleas docketed Melaragno's petition for review. O.R., Item #5, at 1. Thereafter, Common Pleas determined that it could hear Melaragno's appeal on the record made before the Commission. *Id*. at 2.

On May 7, 2021, after reviewing the record and the parties' briefs, Common Pleas issued an order denying Melaragno's petition for review. *Id*. at A.1. Melaragno timely appealed Common Pleas' May 7, 2021 order.

## II.     Discussion

On appeal, Melaragno asserts that Common Pleas erred as a matter of law, because Common Pleas should have dismissed Complainant's complaint due to a violation of the statute of limitations and the Commission's failure to comply with its procedural requirements for handling appeals. Melaragno also asserts that, for various reasons, the Commission and Common Pleas erred in determining that Complainant had properly proven that Melaragno engaged in discriminatory practices.[1]

---

[1] We have condensed and reframed Melaragno's issues raised on appeal for clarity.

4

The Erie County Council[2] established the Commission when it adopted Erie County Human Relations Commission Ordinance 59 (Ordinance 59). *See* O.R., Item #17 at Exhibit A. Consequently, Pennsylvania's Administrative Agency Law[3] classifies the Commission as a "local agency." *See* 2 Pa.C.S. §101. When an appeal of a decision of a local agency is heard on the record that was made before the local agency, "our scope of review . . . is limited to determining whether constitutional rights were violated, whether an error of law was committed, whether the procedure before the local agency was contrary to statute, and whether necessary findings of fact are supported by substantial evidence." *Germantown Cab Co. v. Phila. Parking Auth.*, 134 A.3d 1115, 1118 n.5 (Pa. Cmwlth. 2016) (citation omitted). Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Shrum v. Unemployment Comp. Bd. of Rev.*, 690 A.2d 796, 799 (Pa. Cmwlth. 1997).

## A. Statute of Limitations

Ordinance 59 authorizes the Commission to "administer and enforce" Erie County's prohibitions against discrimination. O.R., Item #17, Exhibit A at 12-13. When a person in Erie County believes that he or she has been discriminated against, Ordinance 59 requires that person to file a complaint with the Commission within 180 days, "unless otherwise required by the Fair Housing Act [, 42 U.S.C. §§ 3601-3631]." *Id.* at 18. Melaragno acknowledged that the Fair Housing Act provides a

---

[2] "Erie County Council is the legislative branch of Erie County[, Pennsylvania,] government." County Council, https://eriecountypa.gov/departments/county-council/ (last visited Sept. 22, 2022).

[3] Administrative Agency Law, 2 Pa.C.S. §§ 501-08, 701-04.

one-year limitations period, which could extend the Commission's limitations period to one year for housing discrimination claims. *See* 42 U.S.C. § 3610.

Complainant's original complaint was filed within the applicable statute of limitations, as the incident in question occurred on November 19, 2013, and Complainant filed his original complaint on April 16, 2014. Melaragno, however, notes that she was never served with the original complaint, and she did not receive notice of this action until she was served with Complainant's amended complaint, which was filed on October 15, 2015 – almost two years after the alleged incident and outside the statute of limitations. Melaragno argues that the statute of limitations lapsed and that the Commission and Common Pleas should have dismissed Complainant's amended complaint.[4]

A complaint that is filed with the Commission is governed by the requirements of Ordinance 59, not by the Pennsylvania Rules of Civil Procedure.[5] Unlike the Rules of Civil Procedure, Ordinance 59 does not contain any provisions that would

---

[4] The record reflects that Melaragno raised this issue before the Commission in her post-hearing Proposed Findings of Fact and Conclusions of Law, which were filed before the Commission issued its decision. R.R. at 397-98. Melaragno also raised this issue in her notice of appeal from the Commission's decision. R.R. at 429. Ordinance 59 does not contain any issue preservation requirements that would require the issue to have been raised in a specific time or manner before the Commission. *See* O.R., Item #17 at Exhibit A. Accordingly, we find that the issue was raised before the local agency and was preserved for appellate review. *See* 2 Pa.C.S. § 753(a) (stating that "if a full and complete record of the proceedings before the agency was made [a] party may not raise upon appeal any other question not raised before the agency . . . unless allowed by the court upon due cause shown."); *Korsunsky v. Hous. Code Bd. of Appeals*, 660 A.2d 180, 184 (Pa. Cmwlth. 1995) (finding a party waived review of an issue by not raising it before local agency).

[5] In her brief, Melaragno relies upon *Lamp v. Hayman*, 366 A.2d 882 (Pa. 1976), and its progeny for the proposition that Complainant's and/or the Commission's failure to serve the complaint upon Melaragno caused the statute of limitations to lapse. This Court has not relied on *Lamp* and its progeny in this Memorandum Opinion, as those cases revolved around the Pennsylvania Rules of Civil Procedure, which are not implicated here.

permit a complaint to be revived and served beyond the expiration of the statute of limitations. *See* O.R., Item #17 at Exhibit A. In addition, Ordinance 59 places the burden of serving a complaint on the Commission, not the complainant, and the Commission must complete that service within 10 days of its receipt of the complaint. O.R., Item #17, Exhibit A at 16.

The Commission admits, as evidenced by its docket sheet, that the "[c]omplaint was not served." R.R. at 1. The Commission also made factual findings that Melaragno was never served with the original complaint[6] and was never informed that Complainant filed a complaint until after he filed an amended complaint. R.R. at 407.

The Commission did not perfect Complainant's original complaint, as the Commission never served the original complaint on Melaragno. Complainant's original complaint was, therefore, a legal nullity. As a result, Complainant's

---

[6] After an exhaustive review of the record, we note that the Commission did not offer any explanation for its failure to serve Melaragno with Complainant's original complaint. Instead of an explanation, the record reveals a series of strange events. First, the Commission simply accepted Melaragno's contention that she was not served with the original complaint. No one at the Commission even attempted to argue that the complaint had been served. Similarly, no one at the Commission attempted to offer an explanation for the error. Second, the Commission docketed Complainant's original complaint at No. 11-006-H. R.R. at 4. When Complainant later filed his amended complaint, the Commission did not file it at the same docket number. Instead, the Commission docketed Complainant's amended complaint at No. 14-001-H. *Id*. at 17. Third, Complainant's original complaint did not have a time stamp, but instead contained a handwritten note that reads "JA's file as of 10/2/15." *Id*. at 4. Fourth, the "Notice to the Respondent of an Investigation" and "Notice of Appearance," which appear in the record between documents that were purportedly signed on April 16, 2014, reference docket No. 14-006-H. No. 14-006-H is neither the original complaint's docket number nor the amended complaint's docket number, but a combination of the two. *Id*. at 7-16.

Instead of addressing that the Commission did not serve the original complaint on Melaragno, both the Commission and Common Pleas simply stated that the amended complaint was timely filed because the original complaint was filed within the statute of limitations. R.R. at 416; O.R., Item #18 at 2.

amended complaint cannot relate back to the original complaint (a legal nullity) for purposes of compliance with the applicable statute of limitations, but must instead stand alone. Complainant's amended complaint was filed almost two years after the last incident of alleged discrimination occurred, which is beyond the relevant statute of limitations.

In enacting Ordinance 59, Erie County entrusted the Commission with the responsibility of enforcing Erie County's prohibitions on discriminatory conduct. The Commission's neglect in this matter[7] represents a total dereliction of that responsibility. The Commission's failure to pursue matters within its jurisdiction in a timely, competent manner could permit discriminatory conduct and prevent harmed tenants from receiving redress for their mistreatment. In this case, however, even had the Commission timely served Melaragno with the original complaint, its decision would still be in error, because it was not supported by substantial evidence.

## B. Substantial Evidence – Specific Apartment

"It is well settled that the party asserting discrimination bears the burden of proving a prima facie case of discrimination." *City of Pittsburgh Comm'n on Hum. Rels. v. DeFelice*, 782 A.2d 586, 591 (Pa. Cmwlth. 2001) (citing *Farrell Area Sch. Dist. v. Deiger*, 490 A.2d 474, 478 (Pa. Cmwlth. 1985)). A prima facie case is defined as "[a] party's production of enough evidence to allow the fact-trier to infer the fact at issue and rule in the party's favor." *Prima facie case*, BLACK'S LAW DICTIONARY (11th ed. 2019). To establish a prima facie case of housing discrimination, Complainant was required to show that (1) Complainant is a member

---

[7] We note that, in addition to failing to serve Melaragno, the Commission failed to comply with nearly every procedural timeline for its processing of complaints, as prescribed by Article VI of Ordinance 59. The Commission should re-examine and familiarize itself with these requirements so that it does not risk having future decisions overturned on procedural grounds.

8

of a protected class; (2) Melaragno was aware of Complainant's race; (3) Complainant was qualified to rent the property in question; (4) Complainant was denied the opportunity to rent the apartment; and (5) the apartment remained available for rent. *See Allison v. Pa. Hum. Rels. Comm'n*, 716 A.2d 689, 692 (Pa. Cmwlth. 1998) (citations omitted).

"Once a prima facie case is established, a rebuttable presumption of discrimination arises. The burden then shifts to the defendant to show some legitimate, nondiscriminatory reason for its action." *DeFelice*, 782 A.2d at 591 (citing *Deiger*, 490 A.2d at 478). If a defendant can show a legitimate, nondiscriminatory reason for its action, the party asserting discrimination then "carries the ultimate burden of persuasion" as to whether the defendant had a discriminatory motive. *See Deiger*, 490 A.2d at 478.

In this appeal, Melaragno asserts that Complainant failed to prove the third, fourth, and fifth prongs of the *Allison* test, because the Commission and Common Pleas' factual findings were not supported by substantial evidence. Melaragno's contention that the Commission's factual findings were not supported by substantial evidence, specifically with respect to the fifth prong of the *Allison* test, has merit. Regarding whether the apartment remained available for rent (the fifth prong of the *Allison* test), the Commission found that "[Complainant] spoke with Melaragno [most recently] on November 19, [2013,] to inquire of the unit's availability and was told it had been rented," but "the apartment had not yet been rented because [the new renter] did not make **a deposit** on the . . . apartment until November 25, [2013]." R.R. at 414-15 (emphasis added).

This finding is not supported by substantial evidence, as Melaragno introduced rental logs and testified that November 25, 2013, was the date the new

9

renter, also a minority renter, paid his first month's rent and signed a lease for the apartment in question – not the day he paid his deposit. R.R. at 175. Melaragno also testified that she would have collected an application and a security deposit at least one week before signing the lease. R.R. at 209-16. At that time, Melaragno and the new renter would have also signed an agreement to hold the apartment for the new renter, pending review of his application. *Id.* Thus, at the time Complainant called Melaragno (less than one week prior to November 25, 2013), the new renter had already paid a deposit for the apartment, and Melaragno was holding the apartment for that renter. Complainant, who had no knowledge of this process, did not present any evidence to discredit Melaragno's assertions.

An apartment is available for rent when it is being marketed for rent and the landlord has not entered into a contractual relationship to sell or rent it to another. *See Dunfee v. Lund* (W.D. Pa., No. 13-165, filed Aug. 7, 2014) (equating available with on the market and not yet sold or rented). Thus, Melaragno correctly told Complainant *and* Complainant's Caucasian friend that the apartment was unavailable on November 19, 2013. The Commission and Common Pleas' findings to the contrary were erroneous and not supported by substantial evidence. Accordingly, because the apartment was not available to be rented[8] when Complainant inquired, Complainant has failed to prove a case of discrimination. Therefore, we conclude that there is not substantial evidence to support a finding that Melaragno engaged in discriminatory conduct when she spoke with Complainant on November 19, 2013, and informed him that the apartment he was calling about was not available.

---

[8] Due to our resolution of this incident on the basis of the fifth prong of the *Allison* test, we do not need to address Melaragno's contentions with respect to the third and fourth prongs of the *Allison* test.

10

### C.    Substantial Evidence – Other Vacancies

The Commission also found that Melaragno denied Complainant an opportunity to rent other apartments on November 19, 2013, because she "did not inform [Complainant] of the availability of the other units despite being asked **the same** by [Complainant]." R.R. at 414 (emphasis added). This finding is also not supported by substantial evidence.

Complainant called Melaragno in 2011 and 2012 and inquired about vacancies in the same area. Complainant explained to Melaragno on both occasions that he really wanted to move into that area, because he did not have a vehicle and that area was within walking distance of his place of employment and other local amenities. R.R. at 66, 69-70, 225. In these prior discussions, Complainant also told Melaragno where he was living in relation to the area he wanted to live. Complainant called Melaragno for a third time on November 19, 2013, and again inquired about an apartment in the same area. Thus, when Complainant also asked Melaragno if she had other vacancies, Melaragno knew that her upcoming vacancies, which were **farther away** from the area Complainant had been trying to move to than his current apartment, would be of no interest to Complainant. *Id.* at 225-26. Therefore, Melaragno did not deem it relevant to mention the upcoming vacancies to Complainant. *Id.* at 226.

Landlords do not have an obligation to offer every available property to every renter, regardless of whether those properties fit a renter's needs. Instead, landlords who know a potential renter's needs tailor their suggestions to those properties that may meet the renter's needs. This is what Melaragno did for Complainant. Unlike Complainant, Complainant's Caucasian friend did not expressly limit her inquiry to one geographic area. R.R. at 227. Accordingly, it was proper for Melaragno to

11

mention all of her upcoming vacancies, regardless of where they were located, to Complainant's friend.

Based upon the circumstances known to Melaragno, the Commission's finding that Melaragno should have informed Complainant about **any** vacancies, in **any** geographical area, was not supported by substantial evidence. Instead, substantial evidence supports the opposite conclusion – that Complainant was asking about other vacancies in the specific area where he wanted to live, and Melaragno properly chose not to inform Complainant about upcoming vacancies that would be of no interest to him. Therefore, we conclude substantial evidence does not exist to support a finding that Melaragno engaged in discriminatory conduct when she did not inform Complainant of upcoming vacancies on November 19, 2013.

### D.    2011 and 2012 Incidents

Both the Commission and Common Pleas acknowledged that the 2011 and 2012 incidents occurred outside the statute of limitations. R.R. at 415-16; O.R., Item #18 at 2. The Commission and Common Pleas nevertheless considered these incidents under the continuing violation doctrine. R.R. at 415-16 (citing *West v. Phila. Elec. Co.*, 45 F.3d 744 (3d Cir. 1995)). The continuing violation doctrine requires the most recent act of discrimination to have occurred within the statute of limitations. *Id.* As Common Pleas stated, "if the November 2013 conduct did not constitute unlawful discriminatory practice, then the previous incidents cannot be considered as they are out[side] of the 180[-]day limit." O.R., Item #18 at 2. Since we have concluded that Complainant's amended complaint was filed outside the statute of limitations with respect to the November 2013 incident and that Melaragno's November 2013 conduct did not constitute an unlawful discriminatory

practice, the continuing violation doctrine cannot be applied to the 2011 and 2012 incidents.

### III.    Conclusion

For the reasons set forth above, we vacate Common Pleas' May 7, 2021 order and remand the matter to Common Pleas to vacate the Commission's April 23, 2019 order and dismiss Complainant's amended complaint.

_____

STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Linda Melaragno,                                          :
                    Appellant                      :
                                                :
               v.                               :           No.  624 C.D. 2021
                                                  :
Erie County Human                                        :
Relations Commission                                     :

## **O R D E R**

**AND NOW**, this 23rd day of September, 2022, the order of the Court of Common Pleas of Erie County, dated May 7, 2021, is **VACATED**, and the matter is **REMANDED** to the Court of Common Pleas of Erie County to vacate the April 23, 2019 order of the Erie County Human Relations Commission and dismiss Dayved Woodard's amended complaint as having been filed beyond the statute of limitations.

Jurisdiction is relinquished.

 

_____

STACY WALLACE, Judge