IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joanne Gaydos, Jeffrey J. Gaydos,    :
and Joyce M. Faynor,    :
           Appellants    :
   :
          v.    : No. 640 C.D. 2022
   : Submitted: March 24, 2023
South Park Township Zoning    :
Hearing Board and    :
South Park Township    :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE STACY WALLACE, Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE                   FILED: July 27, 2023


Joanne Gaydos, Jeffrey J. Gaydos, and Joyce M. Faynor (collectively, Landowners) appeal from the May 26, 2022 order of the Court of Common Pleas of Allegheny County (Common Pleas) affirming the November 30, 2021 written decision of the South Park Township (South Park) Zoning Hearing Board (Board), which denied Landowners' appeal of South Park's Code Enforcement and Zoning Officer's (Officer) August 10, 2021 Notice of Enforcement (Notice). On appeal, Landowners argue Section 2101.6 of South Park's Zoning Ordinance (Ordinance)[1] is ambiguous, and the Board should have resolved its ambiguity in their favor.

---

[1] South Park Township, Pa., Zoning Ordinance (1996), *as amended*.

Alternatively, Landowners argue Section 2101.6 of the Ordinance is unconstitutionally vague. Upon review, we affirm.

## I. Background

While patrolling South Park on August 4, 2021, the Officer saw a vehicle parked in Landowners' front yard rather than in Landowners' driveway or on one of the paved parking spaces on the side of the street. Original Record (O.R.), Item #6, at 31-32, 35. The Officer, who believed this "was in clear violation" of the Ordinance, issued the Notice to Landowners. *Id.* at 32. The Notice charged Landowners with one violation of Section 2101.6 of the Ordinance.[2] *Id.* at 50.

Landowners appealed the Notice to the Board. The Board held an evidentiary hearing in this matter on October 14, 2021. *Id.* at 26. At the hearing, the Officer testified about observing a vehicle parked in Landowners' front yard and issuing the Notice to Landowners. *Id.* at 31-37. One of the Landowners, Joyce Faynor, testified and admitted a vehicle was parked in her yard between the street and the front of her house on the date in question. *Id.* at 39-40. Landowners' counsel also conceded Landowners were presenting purely legal arguments and were not contesting the fact that a vehicle was parked in their front yard. *Id.* at 41.

The Board found that Landowners' legal arguments were based on the following theories:

a. [Section] 2101.6 is not applicable because no new use was established, and no existing use was enlarged.
b. [Section] 2101.6 is not applicable because vehicles (as opposed to persons) are not capable of complying with parking requirements, whether they be design standards or number of spaces.

---

[2] The full text of Section 2101.6 of the Ordinance is set forth *infra*.

c. [Section] 2101.6 is not applicable in this case because the vehicle in question was not parked "beyond the front building line," which must be interpreted as the backyard.

O.R., Item #6, at 92.

With regard to Section 2101.6 only applying to new or enlarged uses, the Board determined that this "precondition . . . is not applicable to the regulation of parking activities on [Landowners' property]." *Id.* at 94. With regard to Section 2101.6 regulating vehicles as opposed to persons, the Board determined "it is the condition of a vehicle being parked in a grassy area that constitutes a violation[, and] . . . [i]t is not pertinent to the existence of a violation as to how the vehicle got there." *Id.* Lastly, with regard to the meaning of "beyond the front building line," the Board determined that phrase "means the area between the street and the front building line." *Id.* The Board supported this determination by stating "[t]o hold otherwise would mean a property owner could indiscriminately park vehicles in the grassy area of the entire front yard of any residential property, which certainly was not the intent of that provision." *Id.*

Landowners appealed the Board's decision to Common Pleas and argued Section 2101.6 of the Ordinance's use of the word "parking" and the phrase "beyond the front building line" are ambiguous and that the Officer interpreted them incorrectly. Common Pleas' Op., 5/26/22, at 3-4. In rejecting these arguments, Common Pleas noted the Board properly explained Section 2101.6 of the Ordinance regulates parking and prohibits the parking of vehicles in certain areas, which is a proper function of a zoning code under Section 604(a) of the Pennsylvania Municipalities Planning Code (MPC),[3] 53 P.S. § 10604(a). Common Pleas' Op., 5/26/22, at 3. Common Pleas also noted the Board properly determined the intent

---

[3] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202.

of the Ordinance was to permit parking in the front yard only on a paved pad or driveway. *Id.* at 4. Thus, Common Pleas determined the Board properly concluded the Officer's interpretation of Section 2101.6 of the Ordinance was correct. *Id.* at 4-5.

Landowners appealed Common Pleas' decision to this Court. On appeal, Landowners argue Section 2101.6 of the Ordinance regulates parking area design standards and that it is not a vehicle parking regulation.[4] In the alternative, if Section 2101.6 is a vehicle parking regulation, Landowners argue it is unconstitutionally vague.

## II.    Analysis

Since "Common Pleas did not take additional evidence in this zoning appeal," this Court's role "is limited to reviewing the [Board]'s decision, not that of Common Pleas." *Dowds v. Zoning Bd. of Adjustment*, 242 A.3d 683, 695 (Pa. Cmwlth. 2020) (citation omitted). Thus, we evaluate whether the Board committed an error of law or abused its discretion.[5] *Id.* With regard to whether the Board committed an error of law, we conduct a de novo review and "are not bound by the legal conclusions of the governing body or lower court[]." *EQT Prod. Co. v. Borough of Jefferson Hills*, 208 A.3d 1010, 1025 (Pa. 2019) (citation omitted).

---

[4]    Landowners did not challenge in this appeal the Board's and Common Pleas' determinations that "beyond the front building line" meant the front yard.

[5]    With regard to whether the Board abused its discretion, we will find an abuse of discretion "whenever the findings of the governing body are not supported by substantial evidence." *EQT Prod. Co. v. Borough of Jefferson Hills*, 208 A.3d 1010, 1024 (Pa. 2019) (citation omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gorsline v. Bd. of Supervisors of Fairfield Twp.*, 186 A.3d 375, 385 (Pa. 2018). However, Landowners' issues on appeal revolve around whether the Board committed an error of law as opposed to whether the Board's findings are not supported by substantial evidence.

We apply the principles of statutory construction when interpreting a zoning ordinance. *See Delchester Devs., L.P. v. Zoning Hearing Bd. of Twp. of London Grove*, 161 A.3d 1081, 1103 (Pa. Cmwlth. 2017). Applying Section 1921(a) of the Statutory Construction Act of 1972[6] to zoning ordinances, our objective is to "ascertain and effectuate the intention" of the municipality that enacted the zoning ordinance. *See* 1 Pa.C.S. § 1921(a). An ordinance's "plain language generally provides the best indication of legislative intent and, thus, statutory construction begins with examination of the text itself." *Kohl v. New Sewickley Twp. Zoning Hearing Bd.*, 108 A.3d 961, 968 (Pa. Cmwlth. 2015).

We construe words and phrases in a zoning ordinance "according to the rules of grammar and according to their common and approved usage." 1 Pa.C.S. § 1903(a). "A given phrase must be interpreted in context and read together with the entire ordinance." *H.E. Rohrer, Inc. v. Zoning Hearing Bd. of Jackson Twp.*, 808 A.2d 1014, 1017 (Pa. Cmwlth. 2002) (citation omitted). In addition, we presume the municipality did not "intend a result that is absurd, impossible of execution or unreasonable." 1 Pa.C.S. § 1922.

"A zoning ordinance is ambiguous if the pertinent provision is susceptible to more than one reasonable interpretation . . . or when the language is vague, uncertain, or indefinite." *Kohl*, 108 A.3d at 968. "Where the words of [an] ordinance are ambiguous, courts construe the ordinance in favor of the landowner." *See Lench v. Zoning Bd. of Adjustment of City of Pittsburgh*, 13 A.3d 576, 579 (Pa. Cmwlth. 2011); Section 603.1 of the MPC, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10603.1. "A zoning hearing board's interpretation of its own zoning ordinance is entitled to great weight and deference[,] . . . because a zoning hearing

---

[6] 1 Pa.C.S. §§ 1501-1991.

board, as the entity charged with administering a zoning ordinance, possesses knowledge and expertise in interpreting the ordinance." *City of Hope v. Sadsbury Twp. Zoning Hearing Bd.*, 890 A.2d 1137, 1143 (Pa. Cmwlth. 2006). Likewise, a zoning officer's interpretation is given weight unless it is clearly erroneous. *Bethlehem Manor Village, LLC. v. Zoning Hearing Bd. of City of Bethlehem*, 251 A.3d 448, 459 (Pa. Cmwlth. 2021) (citation omitted).

We begin by evaluating the full text of Section 2101.6 of the Ordinance, which is as follows:

2101.6 **Parking Areas** Serving Residential Dwellings:

A. **Parking requirements** for R-1 Low Density Single Family Residential District, and for R-2 Medium Density Single Family Residential District, and R-3 High Density Single Family Residential District shall be met by providing two (2) **spaces** per DWELLING UNIT, one (1) of which must be **in a private enclosed garage and** the other may be **on a paved private driveway or a paved pad with paved access from the street or driveway located in the front and/or side yard on the lot.**

B. **Parking requirements** for a R-4 Multifamily Residential District, including but not limited to Townhouses and Garden Apartments, and for R-5 Mobile Home Park shall be met by providing the required spaces in an enclosed garage and the other may be on a paved private driveway or a paved pad with paved access from the street or driveway located in the front and/or side yard on the lot.

C. **Parking shall not be permitted beyond the front building line other than a paved driveway or on a paved parking pad.**

D. Storage of commercial vehicles shall be subject to Section 2009.2.

E. **Parking** shall be provided in accordance with the requirements of Section 2101.11. Driveways serving single family, multifamily and mobile home may be paved to the property line.

6

Ordinance § 2101.6 (emphasis added).

Section 2101.11 (which is referenced in Section 2101.6(E)) is titled "Surfacing" and states "all **parking areas** and access drives shall be paved in accordance with the design requirements of the Subdivision and Land Development Ordinance, Chapter 118 of the Code of [South Park]." Ordinance § 2101.11 (emphasis added).

At first glance, Article XXI of the Ordinance seems to support Landowners' argument that "parking" means "parking areas" or "parking spaces" rather than "vehicle parking" or "parking of vehicles." Specifically, Article XXI of the Ordinance establishes "specifications" for "off-street **parking spaces** . . . in any District **whenever any new use is established or any existing use is enlarged**." *See* Ordinance § 2100 (emphasis added). In addition, Section 2101.6's title, "Parking Areas Serving Residential Dwellings," establishes that all of Section 2101.6 regulates parking areas. *Id.* § 2101.6. Section 2101.6(E)'s use of the word "parking" must also mean parking area rather than vehicle parking, as it requires "parking" to be provided in accordance with Section 2101.11, which specifies "parking areas" must be paved. *See id.* §§ 2101.6, 2101.11. Thus, looking solely at Article XXI, it would appear as though "parking" is used in Section 2101.6 to mean parking areas.

When we interpret Section 2101.6 within the context of the entire Ordinance, however, we conclude the Board did not commit an error of law in determining Section 2101.6 also regulates vehicle parking. The Ordinance has 26 Articles, 14 of which regulate uses in South Park's various Zoning Districts.[7] *See generally*

---

[7] These 14 Articles are: Article IV (R-1 Low Density Single Family Residential District); Article V (R-2 Medium Density Single Family Residential District); Article VI (R-3 High Density Single **(Footnote continued on next page…)**

7

Ordinance. Each of these 14 Articles has a section titled "Parking and Loading," which simply says, "See Article XXI." *Id.* Thus, the Ordinance utilizes Article XXI not only as specifications for the design of off-street parking areas for new uses or enlargements of existing uses (as Section 2100 of the Ordinance states), but also to regulate vehicle parking and loading throughout South Park. *Id.* In viewing the entire Ordinance, the Board found "[i]n part, Article XXI regulates the design and construction of off-street parking spaces. In addition, it regulates certain activities, such as prohibiting parking beyond the front building line, other than in a paved driveway or on a paved parking pad, under §2101.6(C) . . . ." O.R., Item #6, at 93.

The Board interpreted Section 2101.6 "in context and read [it] together with the entire [O]rdinance," as we must do when interpreting a zoning ordinance. *See H.E. Rohrer, Inc.*, 808 A.2d at 1017. We are required to give the Board's interpretation of the Ordinance "great weight and deference" due to the Board's "knowledge and expertise in interpreting the [O]rdinance." *See City of Hope*, 890 A.2d at 1143. Accordingly, we defer to the Board's interpretation and conclude the Board did not commit an error of law in interpreting Section 2101.6 to regulate vehicle parking.

In addition, we note even if we accepted Landowners' proposed interpretation that "parking" in Section 2101.6 of the Ordinance only means "parking areas" or "parking spaces," we would still conclude the Board did not commit an error of law in determining Section 2101.6 also regulates vehicle parking. Accepting

Family Residential District); Article VII (R-4 Multi-Family Residential District); Article VIII (R-5 Mobile Home Park District); Article IX (RP Regional Park District); Article X (C-1 Community Commercial District); Article XI (C-2 Shopping Center District); Article XII (C-3 Village Center Commercial District); Article XIII (C-4 Heavy Commercial District); Article XIV (C-R Conservation Recreation District); Article XV (B-P Business Park District); Article XVI (I-1 Light Industrial District); and Article XVII (I-2 General Industrial District).

Landowners' interpretation, Section 2101.6 would say that "[p]arking [areas or spaces] shall not be permitted beyond the front building line other than a paved driveway or on a paved parking pad." Since 14 Articles of the Ordinance use Article XXI, which includes Section 2101.6, to regulate the uses of "parking and loading" within South Park's various Zoning Districts, Section 2101.6 must also be read as a use regulation. As a regulation of the use of vehicle parking, Section 2101.6 prohibits vehicle parking outside the designated parking areas or parking spaces. Thus, even with Landowners' desired interpretation, we would affirm the Board's decision to deny Landowners' appeal of the Notice. To hold otherwise would permit vehicle parking anywhere in every front yard in South Park. This would be an absurd result, and it would frustrate the purpose of restricting parking areas and parking spaces, which is to contain parked vehicles within those areas and spaces.

Landowners' remaining argument on appeal is that the Ordinance's parking regulations are unconstitutionally vague. Although Landowners argued the Ordinance was susceptible to multiple interpretations before the Board and Common Pleas, Landowners first raised their claim the Ordinance is unconstitutionally vague in this appeal. As a result, Landowners waived this issue. *See Korsunsky v. Hous. Code Bd. of Appeals*, 660 A.2d 180, 184 (Pa. Cmwlth. 1995) (finding waiver of an issue for failure to raise the issue before the local agency); 2 Pa.C.S. § 753(a) ("if a full and complete record of the proceedings before the agency was made [a] party may not raise upon appeal any other question not raised before the agency . . . unless allowed by the court upon due cause shown."); *Sweetwater Hamilton Twp., PA, LLC v. Hamilton Twp. Zoning Hearing Bd.* (Pa. Cmwlth., No. 1302 C.D. 2021, filed October 19, 2022), *appeal denied*, (Pa., No. 552 MAL 2022, filed April 25, 2023) (finding waiver of an issue because the landowner denied the zoning hearing board

the opportunity to evaluate the issue when the landowner advanced legal arguments for the first time on appeal).

### III.   Conclusion

For the reasons set forth above, we affirm Common Pleas' order affirming the Board's decision to deny Landowners' appeal of South Park's Notice.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joanne Gaydos, Jeffrey J. Gaydos,     :
and Joyce M. Faynor,     :
                  Appellants     :
    :
    v.     : No. 640 C.D. 2022
    :
South Park Township Zoning     :
Hearing Board and     :
South Park Township     :

# **O R D E R**

    **AND NOW**, this 27th day of July 2023, the May 26, 2022 order of the Court of Common Pleas of Allegheny County is **AFFIRMED**.


                                       _____
                                       STACY WALLACE, Judge